UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES DORE,<br><br>    Plaintiff,<br><br>        v.<br><br>NEW SENSATIONS INCORPORATED, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Civil Action No.<br>)     13-10315-FDS |

## ORDER ON
## MOTION TO STRIKE

**SAYLOR, J.**

      This is an action brought by a plaintiff who was one of many anonymous "Doe" defendants who were the target of a number of similar copyright infringement actions filed in this court by adult film producers, one of whom, along with its counsel, is the defendant here. Plaintiff's complaint makes a number of allegations essentially contending that the lawsuit brought against him and other anonymous internet subscribers was initiated in bad faith, harmed his reputation, and formed the basis for attempted extortion.

      Defendants have filed a motion to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff recently moved to strike, pursuant to Fed. R. Civ. P. 12(f), certain statements made in defendants' memorandum in support of their motion to dismiss. For the reasons set forth below, the motion to strike will be granted in part and denied in part.

      Pursuant to Fed. R. Civ. P. 12(f), the Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." However, Rule 12(f) specifically gives the Court discretion as to whether or not to strike a particular matter, and motions to strike are generally

disfavored.  *See Zurich Am. Ins. Co. v. Watts Regulator Co.*, 796 F. Supp. 2d 240, 246 (D. Mass. 2011) (citing *Soni v. Boston Med. Ctr. Corp.*, 683 F. Supp. 2d 74, 92 (D. Mass. 2009); *Alvarado-Morales v. Digital Equip. Corp.*, 843 F.2d 613, 618 (1st Cir. 1988)); *see also* ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1380 (3d ed. 2002) ("Both because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harassing tactic, numerous judicial decisions make it clear that motions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted.").

Plaintiff specifically takes issue with the statements made in section III of defendant's memorandum in support of their motion to dismiss.  He contends that the statements should be struck because they are "irrelevant, immaterial, and improper."  *See* Fed. R. Civ. P. 12(f).

The first category of statements at issue concern plaintiff's character for litigiousness. The statements in part A of section III of defendants' memorandum accuse plaintiff of having a "history of filing frivolous, abusive and vexatious lawsuits."  The memorandum goes on to quote rebukes of plaintiff issued by other judges in the course of dismissing lawsuits initiated by him. Although plaintiff's history of bringing frivolous lawsuits has very little, if any, relevance to the Court's determination of the merits of *this* complaint, the statements are not so immaterial or offensive as to warrant the Court's exercise of discretion to strike them.  Accordingly, the Court will permit the statements in part A of section III of defendant's memorandum about plaintiff's character for litigiousness to remain a part of the record.

The other category of statements that plaintiff seeks to strike concern plaintiff's disability.  Part B of section III of defendants' memorandum effectively accuses plaintiff of feigning his disability and insists that he should get a job instead of collecting benefits and filing lawsuits.  These statements are not only irrelevant to the dispute at issue, but also offensive and improper.  Rule 12(f) specifically gives the Court discretion to strike "impertinent, or scandalous matter[s]."  Accordingly, the Court will exercise that discretion and order that part B of section III of defendants' memorandum be struck from the record.

For the foregoing reasons, plaintiff's motion to strike is GRANTED as to part B of section III of defendants' memorandum in support of their motion to dismiss, and DENIED as to part A of section III of that memorandum.

**So Ordered.**

                                                /s/ F. Dennis Saylor
                                                F. Dennis Saylor IV
                                                United States District Judge

Dated: July 12, 2013