# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| |
|---|
| **JAMES DORE** |
| *Plaintiff,* |
| v. |
| **NEW SENSATIONS INCORPORATED, ET AL.,** |
| *Defendants.* |

*Case No.*: **13-10315-FDS**

## Defendants' Memorandum in Support of Defendants' Motion to Strike Plaintiff's Amended Complaint

### I.    Introduction.

Defendants, New Sensations, Inc. ("NSI"), Copyright Enforcement Group, LLC. ("CEG"), and Marvin Cable, Esq. ("Cable") submit this memorandum in support of their Motion to Strike Plaintiff's amended complaint.

For at least three main reasons, as explained below, Defendants request this Court to grant Defendant's Motion to Strike: (1.) Plaintiff submitted amended complaint without leave of court and without consent of Defendants; (2.) Plaintiff's amended complaint does not cure a significant deficiency of  the original complaint; and, (3.) the manner in which Plaintiff submitted amended complaint is procedurally deficient.

If the court does not grant motion to strike, the Defendants request alternatively that this court grant both the time and the ability to respond to Plaintiff's amended complaint with a Motion to Dismiss.

### II.    Factual Background.

This case arises out of an attempt to obtain redress sustained from copyright piracy. On

May 26, 2012, in an effort to curb piracy of its works and to enforce its copyrights NSI filed a lawsuit against multiple suspected infringers. <u>New Sensations, Inc. v. Does 1 – 83</u>, No. 12-10944 (D. Mass. 2012) (herein "NSI Lawsuit"). Cable was the lead attorney representing NSI. Defendant, CEG, provided expert testimony and evidence for the NSI Lawsuit.

In the NSI lawsuit, the true identities of the infringers were unknown. Therefore, in order to uncover the true identities of infringers and in order to serve Complaint upon defendants, NSI sought early discovery of those subscribers whose IP addresses were identified pirating NSI's work. The Court granted NSI leave to take such discovery by subpoenaing the Internet Service Providers ("ISP") for subscriber associated to the IP address observed infringing NSI's copyright.

The Internet Service Provider ("ISP") for each subscriber should have provided each subscriber notice that their identity would be released to NSI after a certain period of time, unless the subpoena that was served on the ISP was quashed. If the subpoena were quashed within that time–frame, the Plaintiff would not receive the respective subscriber's identifying information.

Plaintiff, however, instead of filing a Motion to Quash, appearing *pro se*, named himself as a defendant in the lawsuit. He submitted a document wherein he stated his name as a named defendant, and he listed a range of counter-claims. However, Plaintiff was a nonparty to the lawsuit. NSI never named Plaintiff as a defendant in the lawsuit. Importantly, NSI never received discovery information relating to Doe 64's identity. Plaintiff merely declared himself a defendant in the lawsuit.

Dore alleges that as a result of the NSI lawsuit and Defendants' actions, he suffered emotional damages. The emotional damages are alleged in both the original complaint and his amended complaint.

## III.    Procedural history.

As a result of the alleged damages Dore sustained, on February 8, 2013, Dore filed a complaint seeking redress for his 'damages. Dore sought leave of the Court to proceed in forma pauperis. The Court granted his request. Dore elected to have service of process effected by the United States Marshal Service ("USMS"). The USMS served Cable on May 8, 2013; and NSI on May 15, 2013. Cable filed a Notice of Appearance on behalf of himself and NSI.  The two defendants jointly filed a motion to dismiss (ECF #13, June 5, 2013). CEG was eventually served and filed a Motion to Dismiss, on August 12, 2013.

On August 7, 2013, Plaintiff submitted a document entitled, "Notice of Intent to File Amended Complaint". (ECF No. #29.). On August 28, 2013, Plaintiff filed his amended complaint, 77 days after Cable and NSI filed their Motion to Dismiss.


## IV.    Argument.

### A.  Plaintiff may not file an amended complaint as matter of course.

Pursuant Rule 15 of the Fed. R. Civ. P., plaintiff may amend the complaint as a matter of course, but only 21 days after it has been served. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15 (a)(2). Because Plaintiff received neither written consent nor leave of court, as required by Rule 15 to make an amendment, Plaintiff may not amend complaint as a matter of course.


### B.  Court should not permit Plaintiff leave to file amended complaint because amendments are futile.

At this present moment, for Plaintiff's amended complaint to survive this motion to strike, this court has to grant Plaintiff leave to file amended complaint. The decision to grant leave to amend a pleading under Federal Rule of Civil Procedure 15(a) is entrusted to the sound discretion of the trial court. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971) (citing Foman v. Davis, 371 U.S. 178(1962)). Rule 15(a) reflects a liberal amendment

policy, O'Connell v. Hyatt Hotels of P.R., 357 F.3d 152, 154 (1st Cir. 2004); USM Corp. v. GKN

Fasteners Ltd., 578 F.2d 21, 23 (1st Cir. 1978), and directs the court to "freely give leave when

justice so requires." Fed. R. Civ. P. 15(a)(2).

Grounds to deny leave to amend include undue delay, bad faith or dilatory motive on the

part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

undue prejudice to the opposing party by virtue of allowance of the amendment, futility of

amendment, etc. Foman v. Davis, 371 U.S. 178, 182 (U.S. 1962); United States ex rel. Gagne v.

City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009); Washington v. Connor, 2012 U.S. Dist.

LEXIS 143048, 1-2 (D. Mass. Sept. 27, 2012.).

Futility, one of the above grounds for denial, applies in this case, as well as undue

prejudice.

1. *Amended complaint does not cure original complaint's subject matter jurisdiction and RICO deficiency, and is thus futile.*

Plaintiff bases this Court's subject matter jurisdiction upon a cause of action of which he

has no standing to bring. Plaintiff alleges this Court has "subject matter jurisdiction over this

matter as this matter as this action arises out of Federal Racketeering laws 18 U.S.C. 96 § 1961

et. seq." Amended Compl. ¶ 7. (ECF No. #38). Like Plaintiff's original complaint, Plaintiff's

amended complaint does not  plead that he suffered an injury to his business or property as a

result of a defendants' alleged racketeering activities, and is therefore insufficient. See 18

U.S.C. § 1962(c) (stating that a plaintiff must allege that he has been "injured in his business

or property by reason of" the claimed RICO violation); Libertad v. Welch, 53 F.3d 428, 436 (1st

Cir. 1995).

Like his original complaint, he has only alleged damages for personal injury and

emotional distress. Damages for emotional distress or any personal injury are not

compensable under RICO. See e.g., Grogan v. Platt, 835 F.2d 844, 846 (11th Cir. 1988); James

v. Meow Media, Inc., 90 F. Supp.2d 798, 814 (W.D. Ky. 2000); Moore v. Eli Lilly & Co., 626 F.

Supp. 365, 367 (D. Mass. 1986); City and County of San Francisco v. Philip Morris, 957 F. Supp. 1130, 1138-39 (N.D. Cal. 1997).

Essentially, Plaintiff alleges this Court has subject matter jurisdiction pursuant RICO. However, Plaintiff has no standing to bring a RICO cause of action. To bring a RICO claim, claimant must demonstrate that he has standing to bring a RICO based cause of action. See Sedima, 473 U.S. at 496. Plaintiff did not demonstrate standing in his amended complaint, nor his original complaint. Like Plaintiff's original complaint, plaintiff's amended must be dismissed for lack of subject matter jurisdiction.

2. *Amended complaint places undue burden upon defendants.*

Further, Defendants are suffering undue prejudice of paying attorneys fees and costs to defendant against Plaintiffs frivolous claims. Every claim made by Plaintiff lacks an arguable basis in law and fact and is therefore frivolous. Neitzke v. Williams, 490 U.S. 319, 325 (U.S. 1989). (A complaint is "frivolous" if "it lacks an arguable basis either in law or in fact."). Plaintiffs amended complaint does not cure his frivolous claims.  If court wishes for Defendants' to expound on the frivolousness of Plaintiff's claims, Defendants' will be happy to do so in a motion to dismiss amended complaint, or the Court can look at past motions to dismiss already on this docket.

C. Court should not permit Plaintiff leave to file amended complaint for procedural reasons.

Further, to submit an amended complaint by requesting leave of court, the Plaintiff must file a motion for leave to file an amended complaint with supporting legal authority, see LR. 7.1, and attach a copy of the proposed amended complaint. See Clayton v. White Hall School District, 778 F.2d 457, 460 (8th Cir. 1985) ("to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion") Noonan v. Wonderland Greyhound Park Realty LLC, 723 F. Supp. 2d 298, 344 (D. Mass. 2010). Plaintiff, however,

neither submitted a proposed amended complaint nor articulated what amendments he planed to make. Such failures, ordinarily, are fatal to a motion for leave to amend. <u>See</u> <u>Upshaw v. Andrade</u>, 2011 U.S. Dist. LEXIS 91985, 5 (D. Mass. Aug. 10, 2011); <u>Bownes v. City of Gary, Ind.</u>, 112 F.R.D. 424, 425 (N.D.Ind. 1986).

Since Plaintiff failed to submit the proper motion along with supporting legal authority, proposed changes, or a proposed amended complaint, the court should not allow Plaintiff's amended complaint.

To Plaintiff's credit, Plaintiff submitted a document entitled, "Notice of Intent to File Amended Complaint". (ECF No. #29.). Reading this document generously, this document could be construed to be a motion for leave to file an amended complaint.  However, this document is insufficient — it contains only one sentence as to why Plaintiff intends to submit amended complaint:

> The plaintiff has recently learned new information and recently acquired evidence in support of current and additional allegations to be added, also the plaintiff, not being an attorney, wishes to correct any factual mistakes and clarify allegations in order to avoid technical issues since the plaintiff is not an attorney.

This statement does not articulate any of the changes that are to be made, and is therefore insufficient. <u>Bownes v. Gary</u>, 112 F.R.D. 424, 425-426 (N.D. Ind. 1986) ("The substance of the proposed amendment must be submitted so that the court and the adverse party will know the

precise nature of the pleading changes being proposed.")[1]; see also, Meehan v. United Consumers Club Franchising Corp., 312 F.3d 909, 914 (8th Cir. 2002) ("the district court [i]s not required to engage in a guessing game" as a result of the plaintiff's failure to specify proposed new allegations.). The document does not also submit a proposed amended complaint.

### D. If court does not strike amended complaint, defendants requests time and ability to respond to amended complaint.

Addressing substantive issues with Plaintiff's complaint is unnecessary if court strikes Plaintiff's amended complaint.  Given defendants believe there is a substantial likelihood Court strikes Plaintiff's complaint, submitting a motion to dismiss at the present moment would be a waste of resources and less efficient. The defendants' request at least 7 days to complete the motion to dismiss, after September 22, 2013. Counsel for defendants would not be able to adequately respond in time less than requested.

## V.   Conclusion.

For the reasons above, the Court should strike Plaintiff's amended complaint.

---

[1] See generally, Bownes v. Gary, 112 F.R.D. 424, 425-426 (N.D. Ind. 1986) ("[P]roviding only the substance in the form of additions and corrections without incorporating them with the allegations of the original pleading complicates the task of discerning the substance of the pleading as a whole. It forces the court and opposing counsel to thumb through the file to search out the relevant portions of the original pleading and compare it to the proposed corrections and additions each time they wish to refer to the pleading. Attaching a complete copy of the proposed amended pleading imposes no severe burden on the moving party and greatly simplifies the process. Indeed, it enhances the prompt disposition of the motion for leave to amend and thereby benefits the moving party."); see also, Williams v. Wilkerson, 90 F.R.D. 168, 170 (E.D. Va. 1981). Here, the task of thumbing through the file to search out the relevant portions of the original pleading and comparing it to the proposed corrections and additions each time parties wish to refer to the pleading is especially complicated by Plaintiff's newly submitted 100 page complaint, plus 232 pages of exhibits. The complaint is unnecessarily long, and not concise.

Respectfully submitted,

*Dated*: September 4, 2013

Marvin Cable, BBO#:  680968
Law Offices of Marvin Cable
P.O. Box 1630
Northampton, MA 01061
E: law@marvincable.com
P: (413) 268-6500
F: (888) 691-9850

ATTORNEY FOR DEFENDANTS

# CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2013, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants.

Marvin Cable, Esq.