UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES DORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 13-10315-FDS |
| ) | |
| NEW SENSATIONS INCORPORATED, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

# AMENDED MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO AMEND AND DEFENDANTS' MOTIONS TO DISMISS AND TO STRIKE

**SAYLOR, J.**

This is an action arising out of a prior lawsuit in this Court for copyright infringement. Plaintiff James Dore one of many anonymous "Doe" defendants who were the target of copyright infringement actions filed in this court by adult film producers, one of whom, New Sensations, Inc., is a defendant here. Plaintiff has also sued Copyright Enforcement Group, LLC, and Marvin Cable, who was counsel in the first action. The complaint essentially alleges that the lawsuit brought against him was initiated in bad faith, harmed his reputation, and formed the basis for attempted extortion.

Defendants have moved to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has moved for leave to file an amended complaint and (without waiting for resolution of that motion) an amended complaint. In turn, defendants have filed a motion to strike the amended complaint or, in the alternative, for an extension of time in which to file an answer. For the reasons set forth below, (1) defendants' motions to dismiss will be granted as to the RICO

claims; (2) plaintiff's motion to amend the complaint and defendants' motion to strike the amended complaint will be held in abeyance pending resolution of jurisdictional issues; and (3) plaintiff will be ordered to show cause why the action should not be dismissed.

## I.      Background

The facts are presented as stated in the complaint, unless otherwise noted.

### A.      Parties

Plaintiff James Dore is a resident of Haverill, Massachusetts.

Defendant New Sensations, Inc., ("NSI") is an adult film production company located in Chatsworth, California.

Defendant Copyright Enforcement Group, LLC, ("CEG") is a litigation services company located in Beverly Hills, California.

Defendant Marvin Cable is an attorney whose office is located in Northampton, Massachusetts, and who represents NSI and CEG. The complaint alleges in general terms that the case "involves defendants who are not residents of the same state as the plaintiff." (Compl. ¶ 7). It is unclear where Cable is domiciled; he has submitted no evidence concerning his state of residence.

### B.      Prior Litigation

In 2012, NSI, represented by Cable, commenced a copyright enforcement action against numerous unnamed "Doe" defendants, identified solely by their Internet Service Provider ("ISP") numbers. CEG provided expert testimony and evidence for the suit. (NSI/Cable Mot. Dismiss at 3). NSI contended that defendants infringed its copyright by reproducing or distributing one of its films by means of a peer-to-peer network, BitTorrent. Dore was one of the "Doe" defendants.

He alleges that NSI attempted to obtain a $3,500 settlement payment from him, and that he incurred $1,000 in litigation fees. Dore contends that the suit was baseless and an attempt to force defendants to agree to monetary settlements. The case was dismissed in December 2012. *Cf. New Sensations, Inc. v. Does*, 2012 U.S. Dist. LEXIS 157504 (D. Mass. Nov. 2, 2012); *New Sensations, Inc. v. Doe*, 2012 U.S. Dist. LEXIS 159595, 2012 WL 5464349 (D. Mass. Nov. 5, 2012).

### C. Claims

The complaint asserts claims against all defendants for violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO") and so-called "Copyright Trolling." Against Cable, it asserts claims of defamation, "filing false and malicious litigation," and fraudulent misrepresentation. Against NSI, it asserts claims for abuse of process or malicious prosecution, attempted extortion, and defamation. Against CEG, it asserts claims for inducement or barratry, conspiracy or aiding false and malicious litigation, and fraudulent misrepresentation.

The proposed amended complaint adds claims against Cable for abuse of process, attempted extortion, and "intentional infliction of harm," and claims against NSI for "intentional infliction of harm" and violation of Mass. Gen. L. ch. 93A. The amended complaint restyles the false and malicious litigation claim against Cable as a claim for malicious prosecution.

### D. Procedural Background

On February 8, 2013, plaintiff filed this action *pro se*. Defendants Cable and NSI moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on June 5, 2013, and defendant CEG separately moved on August 12, 2013.

On August 1, 2013, plaintiff moved to subpoena a non-party witness, to produce and

preserve evidence, and to disqualify Cable as counsel.  Plaintiff further moved, on August 7, to amend his complaint,[1] and he filed an amended complaint on August 21, 2013.  Defendants have moved to strike the motion to disqualify and the amended complaint.

## II. Legal Standard

On a motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom."  *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)).  To survive a motion to dismiss, the complaint must state a claim that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 555 (citations omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).  Dismissal is appropriate if the facts as alleged do not "possess enough heft to show that plaintiff is entitled to relief."  *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

A document filed by a *pro se* party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted).  *See also* Fed. R. Civ. P. 8(e) ("Pleadings

---

[1] Although plaintiff titled the document "Notice of Intent to File Amended Complaint," the Court reads this as a motion for leave to file, because plaintiff "request[s]" permission to file an amended complaint.  (ECF No. 29).  The Court will not dismiss a *pro se* motion merely because it does not comply with the formal requirements of a motion.  (*Cf.* Defs.'s Opp. Am. Compl. at 6).

must be construed so as to do justice.").

**III.     Analysis**

    **A.     Motion for Leave to Amend and Motion to Strike Amended Complaint**

Fed. R. Civ. P. 15(a)(1) grants a plaintiff the right to amend the complaint within 21 days of "service of a responsive pleading" or "service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(2) provides that leave to amend pleadings should be "freely given . . . when justice so requires." Nonetheless, amendment may be denied for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment would be futile when the complaint as amended still would not survive a motion to dismiss. *See Adorno v. Crowley Towing and Transp. Co.*, 443 F.3d 122, 126 (1st Cir. 2006).

Defendants here contend that plaintiff is not entitled to file an amended complaint as a matter of course and that the proposed amendment is futile. While Cable and NSI filed a motion to dismiss on June 3, 2013, CEG filed its motion to dismiss—its first responsive pleading—on August 12, 2013. Therefore, plaintiff had a right within 21 days to amend his complaint, at least with respect to those allegations concerning CEG. However, even reading plaintiff's *pro se* filings liberally, neither his initial complaint nor his amended complaint can survive a motion to dismiss as to the federal claims, as detailed below. That, in turn, raises questions as to the Court's jurisdiction over the remaining claims (under either the original complaint or the amended complaint), which all arise under state law. Accordingly, plaintiff's motion for leave to amend and defendants' motion to strike plaintiff's amended complaint will be held in abeyance while the

jurisdictional issues are resolved.

### B. Motions to Dismiss

Plaintiff contends that this Court has subject-matter jurisdiction because the complaint asserts a federal claim under RICO, 18 U.S.C. § 1964(a). RICO provides a civil cause of action to "[a]ny person injured in his business or property by reason of a violation of section 1962." 18 U.S.C. § 1964(c). That is, "a plaintiff has standing if, and can only recover to the extent that, he has been injured in his business or property . . . ." *Moore v. Eli Lilly & Co.*, 626 F. Supp. 365, 367 (D. Mass. 1986) (citing *Sedima S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985). *See also Van Schaick v. Church of Scientology of California, Inc.*, 535 F. Supp. 1125, 1137 (D. Mass. 1982) (noting the "proper applications of § 1964(c) to situations in which a defendant's racketeering caused injury to plaintiff in a business activity").

Here, plaintiff contends that he did not suffer injury to his business or property, but rather litigation costs. (Compl. ¶¶ 60, 91, 117). In the amended complaint, plaintiff acknowledges that litigation expenses "are not able to be considered damages under RICO" but requests injunctive relief. (Am. Compl. ¶¶ 161, 226, 334). Plaintiff also contends that he suffered stress, embarrassment, and psychological harm. (*See* Compl. ¶¶ 178-79; Am. Compl. ¶¶ 365-75). None of these harms were to plaintiff's business, nor to his property. *See Allum v. BankAmerica Corp.*, 156 F.3d 1235 (9th Cir. 1998) (holding that emotional and physical distress, lost income, litigation expenses related to prosecuting and defending lawsuits, wrongful termination, and libel are not injuries to "business or property" under RICO). Accordingly, as to the RICO claims, the complaint fails to state a claim upon which relief can be granted.

Each of the remaining claims are based on state law or are not valid claims.[2] The lack of a claim under federal law raises the question of the Court's jurisdiction. Federal courts are courts of limited jurisdiction, "and the requirement of subject matter jurisdiction 'functions as a restriction on federal power.'" *Fafel v. Dipaola*, 399 F.3d 403, 410 (1st Cir. 2005) (quoting *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)). If a federal court determines "at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

It does not appear likely that there is diversity of citizenship. *See* 28 U.S.C. § 1332. The complaint alleges, but only in general terms, that plaintiff and defendants are not citizens of the same state. (Compl. ¶ 7; Am. Compl. ¶ 8). It is undisputed that plaintiff is a citizen of Massachusetts. It is unclear, however, where defendant Cable is domiciled. The complaint lists Cable's business address, rather than his domicile. *See Bank One, Texas, N.A. v. Montle*, 964 F.2d 48, 49 (1st Cir. 1992). And that business address is in Northampton, Massachusetts. It therefore seems likely that Cable resides in Massachusetts. And because "[t]he existence of subject matter jurisdiction 'is never presumed,'" *Fafel*, 399 F.3d at 410 (quoting *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998)), the court will not presume that there is diversity of citizenship.[3]

If diversity is lacking, jurisdiction over the remaining claims would be based solely on the

---

[2] For example, the complaint asserts claims for "copyright trolling," or in the Amended Complaint, "copyright abuse." Federal law recognizes a claim of "copyright infringement," 17 U.S.C. § 501, but not "copyright trolling" or "copyright abuse."

[3] Diversity jurisdiction also requires that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). The complaint seeks huge damages, well exceeding $75,000; for present purposes, the Court will assume that the amount-in-controversy requirement has been satisfied.

Court's supplemental jurisdiction, 28 U.S.C. § 1367.  The supplemental jurisdiction statute provides, among other things, that "[t]he district courts may decline to exercise supplemental jurisdiction . . . if—(3) the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367.  *See Uphoff Figueroa v. Alejandro*, 597 F.3d 423, 431 n.10 (1st Cir. 2010) ("[A] district court has discretion to decline to exercise supplemental jurisdiction after dismissing 'all claims over which it ha[d] original jurisdiction.'"); *Delgado v. Pawtucket Police Dep't*, 668 F.3d 42, 48 (1st Cir. 2012) ("In determining whether to retain jurisdiction on such an occasion, the court must take into account considerations of judicial economy, convenience, fairness to the litigants, and comity."); *Rojas-Velazquez v. Figueroa-Sancha*, 676 F.3d 206, 213 (1st Cir. 2012) (upholding district court's decision not to exercise supplemental jurisdiction over pendent claims because the only federal claims were properly dismissed).  This case is still in its beginning stages, and the Court sees no reason to exercise jurisdiction over state law claims in this matter, absent diversity.

The jurisdictional issue therefore comes down to the existence of diversity jurisdiction.  At a minimum, plaintiff must establish that Cable is not a citizen of Massachusetts, or such jurisdiction is lacking.  Accordingly, the Court will require plaintiff to show cause, within 21 days of this order, why this action should not be dismissed without prejudice for lack of subject-matter jurisdiction.

**IV.**   **Conclusion**

For the foregoing reasons:

(1) defendants' motions to dismiss are granted as to any claims asserted under RICO, 18 U.S.C. § 1964(a), and otherwise denied without prejudice; and

(2) plaintiff is directed to show cause in writing within 21 days why this action should not be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c).

**So Ordered.**

Dated: October 31, 2013

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge